CHARLES J. SCHUCK, JUDGE.
The Hotcoal Coal Company, a corporation, organized and doing business under the laws of the state of West Virginia, pursuant to a corporate charter duly issued to it on October 30, 1941, engaged actively in business from the day of its incorporation until June 2, 1944, when, so far as the record reveals, it ended its business and began the process of dissolution. The certificate of dissolution was duly issued by the secretary of state dated the 7th day of July, 1944. In the petition claimant alleges that the corporation was not engaged in any business during the fiscal year beginning July 1944, and this allegation is not controverted in any manner. All the assets of the company were assigned to Roy Fairchild as liquidating trustee.
On May 5, 1944, the company paid a license tax of $40.00 to the state for the fiscal year beginning July 1, 1944, which payment, as alleged in claimant’s petition, was made by a mistake on the part of the company officials and which allegation is also not controverted in any manner.
Under the circumstances, the payment in question having been made for a fiscal year during which the claimant was not in *43 existence or had not done any business and before the beginning of which fiscal year steps had already been taken to liquidate the company’s affairs, the claimant is asking for a refund of the $40.00 paid as the license tax for the fiscal year beginning July 1, 1944. A claim was made to the state auditor for the refund or return of the said amount, but as the payment had been lawfully mingled with other funds the auditor could not make any refund or payment to claimant and consequently claimant seeks redress in this court.
Ordinarily the claimant would be without redress as has been heretofore held by this court in the matter of tax refunds, but we feel that unusual circumstances are presented which in equity and good conscience require that an award in the sum of $40.00 should be made and a recommendation made to the Legislature that the said amount as a refund be returned or paid to the claimant accordingly.
On June 13, 1944, at a called meeting of the stockholders, all stock being represented in person or by proxy, it was unanimously decided that the corporation be dissolved and a resolution in accordance with said desire was then adopted; notice of said dissolution was published in a newspaper of general circulation in Raleigh county, West Virginia, on June 23, 1944, and on June 30, 1944; the secretary of state was duly informed of said action but required a certificate to the effect that all accrued charter taxes and gross sale taxes had been paid. The stipulation agreed to by the claimant and counsel for the state shows that all charter taxes and accrued gross sale taxes were paid prior to July 1, 1944. The company performed no acts whatsoever as a corporation on or after July 1, 1944, and on June 13, 1944, the physical property and all unliquidated assets were assigned to one Roy Fairchild, in trust, to be liquidated by him for the benefit of the stockholders of the company.
From an examination of the record and the stipulation filed it would seem that everything that was required under the law to bring about the dissolution of the corporation in question had been done and performed previous to July 1, 1944, except a *44 certificate to the effect that all claims including charter taxes and gross sale taxes had been paid. This information was shortly thereafter furnished to the secretary of state and certificate of dissolution issued on July seventh following. In our opinion the mere fact that the certificate showing the payment of charter and gross sales taxes had not been incorporated in the report to the secretary of state when all other matters had been properly taken care of, so far as pertaining to the dissolution of the company was concerned, should not subject the company to a payment of a license tax for the year 1944 and that in equity and good conscience as heretofore indicated, return or refund of the $40.00 so paid should be made. Accordingly, an award in the sum of forty dollars ($40.00) is made and recommended to the Legislature accordingly.